957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Eva Patrick VERNER, Appellant,
v.
J. Michael QUINLAN, Director Bureau of Prisons, et al.
 No. 90-5376.
 United States Court of Appeals, District of Columbia Circuit.
 March 20, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). Upon consideration of the foregoing and the motion for appointment of counsel, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the district court's order filed October 30, 1990 be affirmed. Appellant's request for habeas corpus relief in the form of an earlier release date has been rendered moot by her release from prison on her convictions. Moreover, the Ninth Circuit's opinion, United States v. Verner, Nos. 90-50141, 90-50462, slip op. at 5 (9th Cir. Aug. 29, 1991), which vacates her sentence and remands for resentencing, gives appellant essentially the relief she requests in her habeas petition. In addition, the Ninth Circuit's ruling on the legality of Verner's sentence precludes another court from ruling upon that same issue.
 
 
 4
 Finally, appellant cannot prevail in her claim for damages. It was the sentencing judge who erred in imposing a sentence later determined to violate double jeopardy. Because the judge's sentencing of appellant, however, was an adjudicative act performed in his official capacity as a federal judge, he is protected by absolute immunity. See Forrester v. White, 484 U.S. 219, 227-29 (1988); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).
 
 
 5
 For these reasons, we affirm the district court's dismissal of appellant's case.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.